**PELTON GRAHAM LLC**
Taylor B. Graham (TG 9607)
Brent E. Pelton
Alison L. Mangiatordi
111 Broadway, Suite 1503
New York, New York 10006
Tel.: (212) 385-9700

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JAMES WHITE, Individually and on Behalf of All Others Similarly Situated,**<br><br>　　　　　　　　　　**Plaintiff,**<br><br>-against-<br><br>**THE HERTZ CORPORATION,**<br><br>　　　　　　　　　　**Defendant.** | **COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

　　　　Plaintiff James White ("Plaintiff"), individually and on behalf of all others similarly situated, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

### NATURE OF THE ACTION

　　　　1.　　Plaintiff is a former certified public accountant ("CPA") for the Hertz Corporation ("Hertz"), based in Park Ridge, New Jersey. For his work, Hertz paid Plaintiff on an hourly basis at straight-time rates for all hours worked, including hours worked over forty (40) hours in a given workweek. As such, Plaintiff did not receive the overtime premium pay for working over forty (40) hours in a week to which he is entitled under federal and state wage and hour law.

1

2. Plaintiff brings this action to recover unpaid overtime wages owed to him pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the New Jersey State Wage and Hour Law, N.J.S.A. § 34:11-56a *et seq.* ("NJWHL").

3. Plaintiff brings his FLSA claims on behalf of himself and all other similarly situated employees working for Defendant, and his NJWHL claims on behalf of himself and any individuals who opt-in to the action pursuant to the FLSA.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiff:**

7. Plaintiff James White ("White") was, at all relevant times, an adult individual residing in Queens County, New York.

8. Plaintiff White consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b), and his written consent form is attached hereto and incorporated by reference.

**Defendant:**

9. Upon information and belief, The Hertz Corporation ("Hertz" or the "Defendant") is an active New Jersey corporation. While Defendant's corporate headquarters are currently

located at 8501 Williams Road, Estero, Florida 33928, throughout Plaintiff's employment with Defendant, Hertz's principal place of business was at 225 Brae Boulevard., Park Ridge, New Jersey 07656. It is Plaintiff's belief that Hertz still operates several departments from the Park Ridge, New Jersey address.

10. At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

11. At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each of the Collective Action members within the meaning of the FLSA.

12. Upon information and belief, at all relevant times, the Corporate Defendant has had gross revenues in excess of $500,000.00.

13. At all relevant times, the Corporate Defendant has used goods and materials produced in interstate commerce, and have employed two or more individuals who handled these goods and materials.

14. At all relevant times, Plaintiff and the Collective Action Members were employed by Defendant within the meaning of NJWHL § 34:11-4.1 and the regulations thereunder.

## COLLECTIVE ACTION ALLEGATIONS

15. Pursuant to 29 U.S.C. §§ 207, Plaintiff brings his First Cause of Action as a collective action under the FLSA on behalf of himself and the following collective:

All persons employed by Defendant at any time since January 9, 2014 and through the entry of judgment in this case (the "Collective Action Period") who worked as "temporary" employees and/or who were paid for work performed in excess of forty (40) hours in a given workweek at their regular hourly rate (the "Collective Action Members").

16. A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendant's

3

illegal policy of failing to pay overtime premiums for work performed over forty (40) hours each week. As a result of this policy, Plaintiff and the Collective Action Members did not receive legally-required overtime premium payments for all hours worked in excess of forty (40) hours per week.

## STATEMENT OF FACTS

**Defendant's Company**

17. At all relevant times, Defendant has been in the car rental business. Upon information and belief, Defendant's principal office is located at 225 Brae Boulevard, Park Ridge, New Jersey 07656.

18. According to Defendant's website, the Hertz Corporation "has corporate, licensee and franchise locations in North America, Europe, Latin America, Asia, Australia, Africa, the Middle East and New Zealand . . . [for a total of] approximately 10,300 locations across the globe. The combination of Hertz, Dollar, Thrifty and Firefly, creates the world's most diverse global car rental company." (http://www.hertz.com/rentacar/abouthertz/index.jsp?target-page=CorporateProfile.jsp&c=aboutHertzHistoryView).

19. Defendant describes itself as the "largest worldwide airport general-use car rental brand." (*Id.*)

**Plaintiff's Work for Defendant**

20. Plaintiff White worked for Defendant as a CPA from in or around December 13, 2013 through in or around November 25, 2015 (the "White Employment Period").

21. Throughout the White Employment Period, Plaintiff typically worked between fifty (50) and ninety (90) hours per week.

22. Plaintiff's job duties included reviewing numbers and schedules, preparing

4

writeups on analytics, recovering supporting calculations for journal entries submitted by the controllers of various business partner groups for a restatement of Hertz's financial figures, and photocopying and scanning documents for his supervisor.

23. For his work, Plaintiff White was paid eighty-five dollars ($85.00) per hour throughout his employment with Defendant.

24. Although White typically worked well in excess of forty (40) hours per week, he was paid his regular hourly rate for all hours for which he received compensation.

25. Throughout the White Employment Period, Plaintiff White kept track of the hours that he worked through weekly time cards showing his time in and out each day.

26. Plaintiff and his supervisor, Senior Director of Technical Accounting and SEC Reporting Quan Nguyen, typically signed off on these time cards before submitting them to Human Resources.

27. Throughout the White Employment Period, Plaintiff alleges that Nguyen informed him on numerous occasions that he received phone calls from Human Resources seeking approval of the hours on White's time sheet whenever he reported that he had worked in excess of forty (40) hours in a week. Nguyen typically informed White that he would tell Human Resources that because White was an "outside consultant" or an "independent contractor," he was not entitled to overtime pay.

28. Despite the fact that Nguyen informed White that he was an independent contractor, White received a IRS Form W-2 from Defendant for each year that he performed work and was paid through Hertz's payroll system throughout his employment period.

29. Plaintiff alleges that throughout his employment period, he primarily followed Nguyen's instructions on how to perform each task and did not exercise significant discretion

regarding when and how to do the work.

30. Further, although Plaintiff performed minimal work at home, primarily on weekends, Plaintiff alleges that he spent approximately ninety percent (90%) of the time that he spent performing work for Defendant in Defendant's office, located at 225 Brae Boulevard, Park Ridge, New Jersey 07656.

31. Plaintiff alleges that during a conversation with a representative from Hertz's general human resources group, located in Oklahoma City, during which he asked whether he was entitled to benefits because he had received a W-2 from Defendant, he was informed that he was entitled to short-term disability for the approximately one (1) month that he spent in the hospital due to a ruptured appendix in or around late June and July 2014 and that he was qualified to receive health insurance since the start of the White Employment Period.

32. Plaintiff alleges that shortly after his conversation with the Oklahoma City human resources office, he requested a meeting with New Jersey Human Resources Director Mary Orelup, in or around May or June 2015, to discuss his eligibility for benefits. During this meeting, Orelup informed White that the people "upstairs," presumably referring to White's supervisor, Nguyen, did not have the authority to decide whether he was going to be classified as an independent contractor or an employee and that because Defendant considered him a "temporary employee," he was not entitled to benefits of any kind or one and one-half (1.5) times his hourly rate for hours worked in excess of forty (40) in a week. It is Plaintiff's belief that he never entered into an agreement establishing his "temporary" status.

33. Plaintiff further alleges that, during this conversation, Orelup informed him that he was considered an employee "automatically" once his payment was processed through Hertz's payroll. After Plaintiff informed Orelup that he was entitled to benefits under the

Employee Retirement Income Security Act ("ERISA") after performing work for at least one thousand (1,000) hours, which Plaintiff estimates he accomplished in or around April 2014, Orelup told White that she would get back to him regarding his eligibility for employee benefits.

34. Shortly after this initial conversation, Orelup contacted Plaintiff White to inform him that while she had determined that he was eligible for "ERISA" benefits, including a 401(k), she was not able to retroactively provide him with benefits for the time he had worked prior to the May or June 2015 meeting.

35. Plaintiff further alleges that in or around June 2015, he began to receive forms and e-mails from Human Resources reminding him to apply for benefits for the following year. Plaintiff alleges that during his follow-up conversation with Orelup following his initial meeting in May or June 2015, Orelup informed him that while the company had to provide him with health insurance due to the Affordable Care Act, he was not entitled to healthcare benefits for work performed in 2014 or 2015 because he was a "temporary" employee.

36. Plaintiff alleges that shortly after his conversations with Orelup, Nguyen informed him that "HR" had called him to let him know that White would need to be terminated because he had raised the issue of his benefits and that June 30, 2015 would be his last day. It is Plaintiff's belief that he was not terminated on this day because of his high workload and a staff shortage following certain accounting department workers' relocation to Florida.

37. It is Plaintiff's belief that, following a relocation of Defendant's corporate office to Florida, certain employees, including one "outside consultant" in the accounting department, were given a severance equivalent to approximately two weeks' pay. Despite the fact that Orelup informed him that he was considered an employee from the moment his payment was processed through Hertz's payroll, Plaintiff alleges that he was denied a severance when he was terminated

in or around November 25, 2015.

38. Defendant's failure to pay White overtime premiums for hours worked in excess of forty (40) in a given workweek was a corporate policy of Defendant which applied to all of Defendant's "temporary" employees throughout the relevant period. Upon information and belief, such individuals were required to work on an hourly basis and were not paid time and one-half (1.5) their hourly rate when working in excess of forty (40) hours per week.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME

39. Plaintiff, on behalf of himself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

40. By failing to pay overtime at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours per week, Defendant has violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

41. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

42. Defendant's failure to pay overtime caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiff and the Collective Action Members are entitled to recover from Defendant their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
## NEW JERSEY LABOR LAW – UNPAID OVERTIME

43. Plaintiff, on behalf of himself and any individuals who opt-in to the case, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

44. Defendant willfully violated Plaintiff's rights by failing to pay overtime compensation at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of 40 each week, in violation of the NJWHL and regulations promulgated thereunder.

45. Defendant's failure to pay overtime premium compensation caused Plaintiff to suffer loss of wages and interest thereon. Plaintiff is entitled to recover from Defendant his unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NJWHL §§ 34:11-56a *et seq*.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff, on behalf of himself and all other similarly situated Collective Action Members, respectfully requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiffs and their counsel to represent the Collective Action Members;

b. An order tolling the statute of limitations;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NJWHL;

d. An injunction against Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e. An award of compensatory damages as a result of the Defendant's willful failure to pay overtime compensation pursuant to the FLSA and the NJWHL and supporting regulations;

f. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to the FLSA and NJWHL and the supporting regulations;

g. An award of prejudgment and post-judgment interest;

h. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

i. Such other and further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
January 9, 2017

PELTON GRAHAM LLC

By: _____
Taylor B. Graham (TG 9607)
Brent E. Pelton
Alison L. Mangiatordi
111 Broadway, Suite 1503
New York, New York 10006
Telephone: (212) 385-9700
Facsimile: (212) 385-0800

*Attorneys for Plaintiff and the putative Collective*

11

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Hertz, and/or its owners, affiliated companies, subsidiaries, contractors, directors, officers, franchisees and/or affiliates to pay me prevailing wages and overtime wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being **named as the representative plaintiff** in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. I understand that I will be represented by Pelton Graham LLC without prepayment of costs or attorneys' fees. I understand that if plaintiffs are successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment first. I understand that my attorneys may petition the court for an award of fees and costs to be paid by defendants on my behalf. I understand that the fees retained by the attorneys will be either the amount received from the defendants or approximately 1/3 (33.33%) of my total settlement or judgment amount (including fees), whichever is greater.

_____          _____
Signature                                    Printed Name: James White