

989 Lenox Drive
Suite 206 (2nd Floor)
Princeton, NJ 08543
Telephone: 609.454.0096  Facsimile: 609.844.1102

jmacdonald@constangy.com
609.357.1183

September 1, 2017

<u>VIA ECF</u>

The Honorable Kevin McNulty, U.S.D.J.
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Court Room: PO 04
Newark, NJ 07101

> Re:  <u>James White v. The Hertz Corporation</u>
>      Civil Action No.:  2:17-cv-00150-KM-MAH

Dear Judge McNulty:

The undersigned represents Defendant The Hertz Corporation ("Hertz" or "Defendant") in the above-referenced matter. Defendant and Plaintiff James White ("Plaintiff") have successfully negotiated a settlement of this action. Therefore, the undersigned, on behalf of Defendant, and Pelton Graham LLC, on behalf of Plaintiff, (collectively, the "Parties") respectfully request that Your Honor accept this Joint Letter Request for Approval of Settlement.

In support of this Joint Request for Approval of Settlement, the Parties state as follows:

1. Plaintiff filed his Collective Action Complaint (ECF No. 1) on January 9, 2017, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and of the New Jersey State Wage and Hour Law ("NJWHL").

2. Defendant filed its Answer and Affirmative Defenses (ECF No. 6) on April 21, 2017, and denied key material allegations and asserted defenses.

3. By Letter Order Pursuant to Rule 16.1 (ECF No. 10), dated May 5, 2017, an in-person initial scheduling conference was set to take place on July 6, 2017 before the Honorable Michael A. Hammer, U.S.M.J. This conference was later rescheduled to August 31, 2017.

The Honorable Kevin McNulty, U.S.D.J.   Constangy, Brooks, Smith & Prophete, LLP
September 1, 2017
Page 2

4. Defendant commenced an investigation into Plaintiff's claims, and the propriety of certifying a collective action, and shared its initial findings and documents with Plaintiff during preliminary communications regarding opt-in notices.

5. Based on counsel for Plaintiff's investigation, and review of documents produced by Defendant, counsel for Plaintiff concluded that there was a substantial risk that opt in certification would not be granted on Plaintiff's claims.

6. The Parties subsequently began engaging in settlement discussions, enabling each party to understand and assess the detail and substance of their respective claims and defenses.

7. Based upon the understandings and assessments of each party, Plaintiff and Defendant negotiated and entered into a General Release and Settlement Agreement ("Agreement"), attached hereto as **Exhibit A**.

8. In entering into the Agreement, Plaintiff and Defendant acted at arms' length, in good faith, and with the advice of counsel.

9. If approved, the Agreement will provide Plaintiff with monetary consideration substantially equivalent to what he might have been awarded, while considering the risk of a judgment in Defendant's favor. Specifically, Plaintiff's counsel prepared an initial damages analysis, based on certain time and payroll records produced by Plaintiff, which calculated $39,427.25 in "actual" unpaid overtime wages. Thus, the Settlement Amount (i.e., $77,500.00) represents full recovery of the actual unpaid wages calculated from Plaintiff's analysis and approximately ninety-eight percent (98%) of Plaintiff's total liquidated damages. The Parties believe that this is a fair recovery based on the risks associated with establishing the calculated damages and the risks attendant with proceeding to a trial.

10. Both Plaintiff and Defendant agree that there are significant questions of law and fact in dispute in this case which affect each Parties' respective probability of success on the merits.

11. Through significant investigation and negotiations, Plaintiff and Defendant have reached an informed and reasonable resolution of this matter.

12. Plaintiff and Defendant agree that if they continue to litigate the instant claims, they would be forced to engage in further costly litigation.

13. Plaintiff and Defendant further agree that this settlement is a reasonable means for both Parties to minimize future risk and litigation costs. Therefore, with advice of counsel, the Parties have elected to enter into the Agreement, and they are satisfied with the terms and conditions contained therein.

The Honorable Kevin McNulty, U.S.D.J.       Constangy, Brooks, Smith & Prophete, LLP
September 1, 2017
Page 3

14. Plaintiff and Defendant agree to the amounts to be paid to Plaintiff's attorneys, and therefore, no judicial scrutiny of the attorney's fees is required. See <u>Helms v. Central Fla. Reg. Hosp.</u>, No. 6:05-cv-383-Orl-22JGG, 2006 WL 3858491, *3-4 (M.D. Fla. Dec. 26, 2006) (the FLSA does not require the court to assess the fairness of an agreed payment of attorneys' fees in settling an individual action).

15. Should judicial approval of the fee be required, Plaintiff's counsel would show that counsel's fee is appropriate based on the circumstances of this case. The Parties agree that, under the circumstances of this case, Plaintiff's counsel's negotiated compromise fee is reasonable in light of the amount of time and resources, multiplied by an appropriate rate, they have invested in this case drafting pleadings other documents, performing factual investigations, negotiating this settlement, and other matters.

16. Finally, the amount of counsel's fee is consistent with the terms of Plaintiff's fee agreement, which set forth a contingency fee of one-third (1/3) of any settlement, plus reimbursement of actual litigation costs. Here, Plaintiff's counsel spent $572.10 in actual litigation costs in filing and serving Plaintiff's Complaint. The portion of the Settlement Amount that Plaintiff seeks as attorneys' fees (i.e., $26,214.70) represents one-third (1/3) of the settlement amount, after subtracting actual litigation costs.

17. Pursuant to <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1353 (11th Cir. 1982), the Parties submit that judicial approval is required to give effect to Plaintiff's release of FLSA claims, which is material to the enforceability of the Agreement. See also <u>Morales v. PepsiCo, Inc.</u>, 2012 WL 870752, at *1 (D.N.J. Mar. 14, 2012).

In conjunction with this Joint Request for Approval of Settlement, the Parties submit a proposed form of Order Approving Settlement, attached hereto as **Exhibit B**.

Respectfully submitted,

CONSTANGY, BROOKS, SMITH & PROPHETE, LLP

John E. MacDonald

Attachments

cc:    Brent E. Pelton, Esq., Pelton Graham LLC (*via ECF*)